**John W. POSNIEN, Plaintiff and Appellant,**

**v.**

**L. Earl ROGERS et al., Defendants and Respondents.**

**No. 13744.**

Supreme Court of Utah.

Feb. 28, 1975.

---

3. See cases collected in 49 A.L.R. beginning at page 333; Robinett v. Price, 74 Utah 512, 280 P. 736 (1929).

Carl T. Smith of Smith & Liddle, Ogden, for plaintiff and appellant.

Stephen B. Nebeker and Paul S. Felt of Ray, Quinney & Nebeker, Salt Lake City, for defendants and respondents.

TUCKETT, Justice:

The plaintiff commenced these proceedings in the District Court of Weber County, seeking to recover damages for the defendant's negligence in the diagnosis and the treatment of plaintiff's brood mare, which resulted in the mare's infertility. At the conclusion of the plaintiff's case the trial court directed a verdict of "no cause of action" in favor of the defendants. Plaintiff is here seeking a reversal.

The plaintiff is the owner of a registered quarter horse which was used as a brood mare. On May 27, 1972, while the plaintiff was out of town, the mare gave birth to a colt. After the birth, the plaintiff's wife observed that the placenta had not been completely expelled by the mare.

Mrs. Posnien called Dr. L. Earl Rogers, a licensed veterinarian, and explained the situation to him. Dr. Rogers advised her that the placenta would probably be expelled in a period of a few hours. At about 11:00 o'clock a. m., Mrs. Posnien again called Dr. Rogers to report that the placenta still had not been expelled. Dr. Rogers appeared at the plaintiff's home at about 12:30 p. m. and made an examination of the mare. The doctor discovered that a fragment of the placenta was missing, and being of the opinion that if the fragment had been retained by the mare it could be the cause of infection and perhaps the death of the mare. Dr. Rogers made a manual examination of the mare's vaginal tract and uterus. The examination did not produce the missing fragment. The doctor treated the mare by inserting into the mare's uterus sulfaurea boluses at the entrance of each horn. About 30 minutes after the treatment the mare suffered a uterine prolapse. The doctor returned and treated the mare. While the mare lived, she became infertile.

The plaintiff claims that Dr. Rogers was guilty of negligence in making a physical examination of the uterus of the mare too soon after the birth of the colt, and that the doctor administered boluses in excess of the dosage recommended by the manufacturer.

Plaintiff was required to show that Dr. Rogers did not exercise the care and diligence as is ordinarily exercised by skilled veterinarians doing the same type of work in the community, and that the failure to exercise the required skill and care was the cause of the injury.[1] At the trial the plaintiff called two experts who are veterinarians practicing in the same area. The experts testified that the care exercised by Dr. Rogers met the standard of care of veterinarians practicing in the area, and had they been treating the mare, the treatment would not have differed substantially from that of Dr. Rogers. The

1. Forrest v. Eason, 123 Utah 610, 261 P.2d 178; Dickinson v. Mason, 18 Utah 2d 383, 423 P.2d 663; Marsh v. Pemberton, 10 Utah 2d 40, 347 P.2d 1108.

experts also testified that the prolapse could have been caused by a number of other factors. Neither testified that the prolapse was probably caused by the insertion of the boluses.[2]

The record is clear that the plaintiff failed to sustain his burden that the care of Dr. Rogers did not meet the standard of care of other practitioners practicing in the community. A careful reading of the record indicates that the jury would have been left to speculate on the cause of the prolapse had the case been submitted to them.

The decision of the trial court is affirmed. Respondents are entitled to costs.

HENRIOD, C. J., and ELLETT, CROCKETT, and MAUGHAN, JJ., concur.

2. Huggins v. Hicken, 6 Utah 2d 233, 310 P.2d 523; Denny v. St. Mark's Hospital, 21 Utah 2d 189, 442 P.2d 944.